UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 20-30028-MGM |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES LAFRANCE | ) | |

**PROTECTIVE ORDER**

Pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116, it is hereby ORDERED as follows:

1. For purposes of this Order, the term "discovery materials" means all documents produced by the government to any defendant. "Document" shall include any record or communication, whether in electronic or paper form. "Document" shall include the following items, which are set forth by way of example only, records or communications subpoenaed by the government from non-parties to this litigation, business records, grand jury transcripts, grand jury exhibits, interview reports, electronic messages, text messages, and recordings.

2. "Child Records" shall refer to any records that contain names of, or refer to, a minor victim or minor witness in this case.

3. Except as provided below, defendant and his counsel of record shall make no disclosure of discovery materials to any other person.

4. Consistent with the terms of this Order, discovery materials (except Child Records) may be disclosed by counsel of record in this case so long as such disclosures are made for the sole purpose of preparing a defense to charges pending in the case. Such disclosures may be made by counsel of record for a defendant to: (1) the defendant represented by that counsel of record; (2) other counsel of record in the pending case; (3) a counsel of record's

1

partners, associates, paralegals, and stenographic employees involved in the defense of this case; (4) such independent experts as may be selected by defense counsel to furnish technical or expert services or give testimony in the case; (5) persons identified in a communication to be disclosed as being present during such communication or being a participant therein; and (6) to other persons, but only pursuant to order of the Court based upon a showing of particularized need; provided that nothing in this Order shall prevent defense counsel from disclosing a document to a potential witness for the defense where defense counsel has made a good-faith determination that such disclosure is necessary to the proper preparation of the defense.

5. Counsel of record for the defense shall not make any disclosure as provided in paragraph 4 above without first obtaining from the person to whom the disclosure will be made written acknowledgment that he or she is bound by the terms of this Order. Each such person shall indicate his or her acknowledgment by signing a copy of this Order after having read the Order and having the contents herein fully explained by counsel of record making the disclosure. Counsel shall maintain a list of names of all such persons and a copy of their acknowledgments and shall file original acknowledgments with the Court in camera.

6. Child Records will be disclosed to counsel of record only. Should counsel of record feel the need to disclose the Child Records or to any other person (aside from the defendant) listed in paragraph 4, counsel of record may seek an order from the Court allowing such a disclosure. The government shall have an opportunity to respond to such a motion. With respect to the defendant, counsel may show the defendant a copy of the Child Records to the defendant, but counsel may not give the defendant a physical copy of the Child Records.

7. Upon the termination of these proceedings, all Child Records shall be returned

forthwith to the United States or to the Court absent further Court order to the contrary.

8. A copy of this Protective Order shall be signed by each defense counsel and shall be filed by the attorney for the government and made part of the record of this case once all counsel of record have affixed their signatures below.

                                                                                                       _____
KATHERINE A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE

Dated: _____

## PROTECTIVE ORDER

### United States v. James LaFrance
### Criminal No. 20-30028-MGM

/s/ Alex J. Grant
_____                                Date    12/21/20
Alex J. Grant
Assistant U.S. Attorney

_____                                Date   12/7/2020
Timothy Watkins
Counsel for James LaFrance

4