UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 20-30028-MGM |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES LAFRANCE | ) | |

## SENTENCING MEMORANDUM

The United States of America, by and through its attorneys, Nathaniel R. Mendell, Acting United States Attorney, and Alex J. Grant, Assistant United States Attorney, submits this memorandum in aid of sentencing the defendant, James LaFrance.

Background

The defendant pled guilty to four counts of Sexual Exploitation of a Child relating to two incidents each for two different minor victims, one of whom lived in Massachusetts, and the other lived in Pennsylvania. These four incidents involve the defendant having engaged in webcam sessions with teen girls. During these sessions, he directed them to engage in masturbation while he recorded it. PSR ¶¶ 12-16   The defendant's recordings proved to be his undoing as the videos also included audio and video of Mr. LaFrance giving explicit instructions on the behavior he wanted to see, thus supplying damning evidence of his role in enticing the girls to engage in sexually explicit conduct. PSR ¶¶ 12-16.

The defendant faces a mandatory sentence of 15 years, and his Sentencing Guidelines range is, under the parties' plea agreement, 235-293 months.[1]  The government has agreed to

---

[1] The Probation Department has calculated the guidelines range to be 292 to 365 months due to the +2 enhancement for sexual contact under USSG 2G2.1(b)(2)(A). As the Probation Department notes, the issue of whether, under this guideline provision, sexual contact encompasses contact that the defendant causes the victim to engage in, has not been resolved by

1

limit its recommendation to the low end of the guideline range, 235 months.  The Court is thus left to consider the parties' competing positions of 235 months and the anticipated recommendation of the defendant, 180 months.

Argument

While the foregoing succinctly summarizes the background of the sentencing decision the Court must make, there is important context to the defendant's actions which the government urges the Court to consider.  First, it is fair to note that the defendant was not charged with having distributed the child pornography he produced, and the government is not aware of evidence that he did so.  Had he done so, he would have been subject to an additional +2 enhancement under USSG 2G2.1(b)(3), and his guideline range would have been higher.  Nonetheless it is fortunate for the victims that the defendant did not distribute the videos he recorded, and the Court may consider that factor in his favor under 18 U.S.C. § 3553(a).  It appears that these videos were for the defendant's own personal consumption.

This case shows, however, the connection between the production of child pornography, the collection of child pornography, and hands-on child sexual abuse.  Mr. LaFrance did not solicit just two teen girls to engage in sexually explicit conduct in the vast ocean of the internet.  Rather, Mr. LaFrance was using Google hangout to seek out many teen girls on the internet.  PSR ¶10.  He attempted to contact these girls and attempted to talk to them, with varying degrees of success and failure, about having sex and producing child pornography.  PSR ¶10.  Applying

---

the First Circuit.  Given that, the parties have entered into a plea agreement that applies the base offense level and enhancements that are clearly called for under existing case law.  The government is bound by the promises it has made in the plea agreement and endorses the range of 235 to 293 months.  It asks the Court to leave this issue for another day and another case.

the proverb, "If at first you don't succeed, try, try again," to the worst of criminal pursuits, the defendant acted with persistence, and his efforts gained him not just the charged child pornography videos, but other semi-nude images that do not qualify as child pornography. PSR ¶10.

While distribution of child pornography videos was not his aim, LaFrance clearly saw the online webcam sessions as a prelude to having sex with minors. In the case of the Massachusetts victim, his messages to her communicated a desire to have sex with her. PSR ¶12. The defendant possessed other videos of the Massachusetts victim depicting her in a semi-nude state during December 16, 2018 to May 12, 2019. PSR ¶13. This long time span indicates that the defendant was engaged in a persistent pattern of conduct with this victim. The defendant is currently charged with Rape, stemming from an incident in which the defendant drove across the state for a face-to-face meeting with the Massachusetts victim. PSR ¶ 14.

In August 2019, LaFrance was arrested after he traveled to eastern Massachusetts to meet who he thought was a 14-year-old girl for sex. PSR ¶7. He learned, however, that the purported teen girl he had been communicating with had been an undercover police officer. PSR ¶7.

By contrast, LaFrance obtained his child pornography videos from the Pennsylvania victim after a minimum of discussion. LaFrance made contact with Pennsylvania teen and immediately turned the conversation to having the girl take off her clothes and masturbate. PSR ¶15. The girl carried out his instructions that same day. PSR ¶15.

The defendant's pattern of behavior toward teen girls on the internet make him the very portrait of the online predator that parents fear. It is common for teens to use the internet and all manner of social media applications. Like the bank robber Willie Sutton who said he robbed

banks "because that is where the money is," people with a sexual interest in teens go to social media applications and online forums because that is where the teens are. The toll of this behavior incalculable. It not only harms the victims who were recorded, but it also sows fear among children and adults who use the internet. It makes parents wary of allowing children to use the internet for many of the benefits that can be found there, no small matter in an era of increased online learning.

      The need to deter Mr. LaFrance from again acting on the powerful impulses that drove him to these offenses, and the need to deter others who are driven by similarly powerful impulses, can hardly be overstated. The defendant's conduct in the case involving the undercover police officer included his statement that he was OK with the purported female's age of 14, and he said he knew he could go to jail if he got caught. PSR ¶51. The defendant thus was taking a calculated risk, and he was banking on not getting caught.

      Prosecutions like this are essential in the fight against online child exploitation. Law enforcement cannot be everywhere, but their work in this case shows that online offenders can be caught. Many, if not most, child pornography defendants have little or no prior criminal history. They have, like Mr. LaFrance, much to lose, and as a result, there is significant potential to deter them with skillful investigations and appropriate sentences.

Conclusion

      The government asks the Court to sentence the defendant to a term of 235 months in prison.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney


*/s/ Alex J. Grant*
ALEX J. GRANT
Assistant United States Attorney

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.


By:   */s/ Alex J. Grant*
     ALEX J. GRANT